IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARTIN J. WALSH, Secretary of Labor,**     **PLAINTIFF**
**United States Department of Labor**

**V.**     **NO. 4:21-CV-123-DMB-DAS**

**JESSE'S CLEANING SERVICE, LLC**
**and JESSE TALIAFERRO, an individual**     **DEFENDANTS**

**ORDER**

Before the Court is (1) Jesse's Cleaning Service, LLC and Jesse Taliaferro's motion to set aside the February 15, 2022, entry of default, and (2) Martin Walsh's motion for default judgment. Because good cause exists to set aside the default, the defendants' motion to set aside the default will be granted and Walsh's motion for default judgment will be denied as moot.

**I**
**Procedural History**

On September 24, 2021, Martin J. Walsh, the Secretary of Labor for the United States Department of Labor, filed a complaint in the United States District Court for the Northern District of Mississippi against Jesse's Cleaning Service, LLC, and Jesse Taliaferro. Doc. #1. The complaint alleges violations of the Families First Coronavirus Response Act, the Emergency Paid Sick Leave Act, and the Fair Labor Standards Act, with respect to Kiowanna Brown and Christie McNeal, former employees of Jesse's Cleaning Service. *Id.* On October 6, 2021, Taliaferro signed a waiver of service of summons form on behalf of Jesse's Cleaning, Doc. #5, and subsequently signed (but did not date) one on his own individual behalf, Doc. #6.

On February 15, 2022, the Clerk of Court, on Walsh's motion, entered a default against the defendants. Docs. #16, #18. On May 4, 2022, Walsh filed a motion for default judgment. Doc.

#21. Almost two weeks later, on May 16, 2022, the defendants filed a motion to set aside the default, Doc. #24, and an answer to the complaint, Doc. #26. The motion to set aside is fully briefed. Docs. #25, #30,[1] #31.

## II
## Analysis

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "The language of this rule is discretionary, and the decision to set aside a default is committed to the sound discretion of the trial court." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (internal quotation marks omitted). To decide if good cause exists, courts consider three non-exclusive factors: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (internal quotation marks omitted). Because "[d]efaults are generally disfavored," a motion to set aside an entry of default should be granted "[u]nless it appears that no injustice results from the default." *Id.* (internal quotation marks omitted).

### A. Willfulness

"A *willful default* is an 'intentional failure' to respond to litigation." *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008). "The defendant has the burden of showing by a preponderance of the evidence that its neglect was excusable, rather than willful." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500–01 (5th Cir. 2015) (citation omitted). When a defendant explains the reason for its delay, "perfection of service is not determinative—the defendant's knowledge of the perfected service, and the defendant's actions post-service … play a role in measuring the

---

[1] Because an exhibit to Walsh's initial response, Doc. #27, was not denominated by both an exhibit letter or number and meaningful description, the Clerk of Court advised him to refile both his response and memorandum brief.

2

willfulness of [the] default." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008). In the absence of "a legitimate claim of prejudice that would arise from setting aside the default," a court should resolve all doubts in favor of the defaulting party. *Id.*

As grounds to set aside the default, the defendants represent that they "turned over the claim to [their] insurance companies;" they "did not fully understand the legal implications of execution of the waivers of service of process" because they were without legal counsel; and they "never received a copy of the Complaint in the initial letter containing the waiver[,] … and assumed the Complaint referenced the informal requests, not a formal law suit." Doc. #25 at PageID 175.

In response, Walsh argues the defendants do not "explain what 'the informal requests' are, nor do they offer any plausible explanation why [they] would assume [the documents they received] would refer to 'informal requests'" and they do not explain why, if they were uncertain, they would sign and return the waivers without attempting to ascertain what they were. Doc. #30 at 4. Walsh further argues the defendants' default was willful because they had "actual notice of the lawsuit against them[ and] they also received the summons and completed and returned waivers." *Id.* at 5 (emphasis omitted).

The defendants reply that the default was "at best a misunderstanding of the law," and submit documentation from their insurer and the affidavit of Taliaferro to show that they sought legal representation and "reported the issues to [their] insurance carrier." Docs. #31 to #31-3.

While Walsh's arguments could support a willfulness inference, Taliaferro's affidavit, if believed, supports the contrary inference. *See Koerner*, 10 F.3d at 226 (finding the district court did not clearly err "when it chose to credit [the defendant's] affidavit over [the plaintiff's]

3

evidence"). Resolving all doubts in the defendants' favor, the Court finds this factor weighs in favor of setting aside the default.

### B. Prejudice

The defendants argue that setting aside the default "will not adversely affect the discovery process, impair the ability of the Plaintiff to litigate its case, or encourage fraud or collusion" and "a strong policy to resolve this matter on the merits overcomes any assertion … of prejudice." Doc. #25 at PageID 176. Walsh responds that setting aside the default would prejudice his "ability to develop and present [his] case" because the "delay may well cause testimonial or documentary evidence to be lost as memories fade or documents are inadvertently destroyed or lost as time passes" and it "may jeopardize [his] access to witnesses[ because o]ne Complainant … has already been forced to move to another state to find work given the scarcity of employment in the area." Doc. #30 at 7–8. The defendants reply that Walsh's argument is without merit and "setting aside the default would not prejudice" him. Doc. #31 at PageID 223.

"[D]elay does not alone constitute prejudice. Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (internal quotation marks omitted). Walsh's arguments appear to be "expected difficulties [he] may face if forced to proceed with further litigation" and as such are not legitimate claims of prejudice. *Jenkens & Gilchrist*, 542 F.3d at 122; *see Hand v. Secure Lending Inc.*, No. 20-607, 2020 WL 4584187 at *3 (E.D. La. Aug. 10, 2020) (finding plaintiff's conclusory statement that "there is significant concern that [defendant] has not preserved evidence" insufficient to support prejudice). Because no prejudice exists where "setting aside … the default [does] no harm to [the] plaintiff except to

4

require it to prove its case," *Lacy*, 227 F.3d at 293, the Court finds no prejudice to Walsh would result and this factor weighs in favor of setting aside the default.

### C. Existence of Meritorious Defense

Based on the claims Walsh alleges and the defenses the defendants assert in their answer,[2] the Court concludes that the defendants' defenses appear to be of merit.[3] So the third factor weighs in favor of setting aside the default too.

### D. Summary

With all three factors weighing in favor of the defendants, the Court finds good cause exists to set aside the default.

### III
### Conclusion

The defendants' motion to set aside the entry of default [24] is **GRANTED**. The February 15, 2022 entry of default [18] is **SET ASIDE**. The defendants' May 17 answer [26] is deemed properly filed. Walsh's motion for default judgment [21] is **DENIED as moot**.

**SO ORDERED**, this 7th day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[2] The defendants, without leave, filed an answer the same day as their memorandum in support of the motion to set aside. Doc. #26.

[3] Walsh admits that "if true, some of the[] Affirmative Defenses [included in the answer] would likely construe meritorious defenses for the purposes of determining good cause to set aside the Clerk's Default," and does not otherwise brief this factor. Doc. #30 at 3 n.2.

5